UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL COLESON, JR., <br><br> Plaintiff, <br><br> -against- <br><br> MS. ANITA PARKER, *President and CEO of Treat Me Right/St. Luke A.M.E. Church Supervised Child Visitation and Exchange Program*; CRISTINA FONTANEZ; THEON SMITH; MR. ROBERT LEDER; MILLIE CHRISTINA AUNT, <br><br> Defendants. | 20-CV-951 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action arising from Bronx County Family Court proceedings. By order dated February 11, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The complaint is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this matter are Anita Parker, who runs a church program that supervises visits between noncustodial parents and their children; Christina Fontanez, Plaintiff's ex-wife and the mother of their minor daughter, E.; Theon Smith, Fontanez's boyfriend; Robert Leder, the attorney who represented Plaintiff in family court; and Millie Christina Aunt. The complaint is 378 pages of legalese, documents and transcripts from the family court proceedings, and partial screen shots of text messages that are incomprehensible. The gist of Plaintiff's complaint is that Defendants are deliberately interfering with his relationship with E. and covering up the fact that Smith sexually assaulted E. in 2017. (ECF 1:20-CV-951, 2.)

2

The complaint sets forth the following facts and allegations. Plaintiff and Fontanez are divorced, and Fontanez has or had an order of protection against Plaintiff. Fontanez has custody of E., and Plaintiff has supervised visitation rights. Parker canceled some of Plaintiff's visits with E., and possibly played a role in discouraging E. from wanting to visit with him.

Plaintiff filed an action in Bronx County Family Court to change either the custody arrangement or the visitation schedule or conditions. Fontanez, Parker, and Smith testified falsely during those proceedings, and Smith "pos[ed] in court as two different people." (Doc. 2 at 41.) An attachment to the complaint makes reference to "Milli . . . the lady who works on the 7th floor at family court, who maybe passed the letter to my lawyer and Theon Smith who [E.] is accusing of sexual abuse to hide the facts and degrade my reputation." (*Id.* at 44.) It is not clear if this "Milli" is the same person as the defendant identified as "Mille Christina Aunt."

After Plaintiff filed this complaint, he filed a motion to amend his complaint, a declaration, and exhibits to "defend himself from perjury and fraud that was used to end a family court visitation order." (ECF Nos. 4-6.)

## DISCUSSION

### A. Section 1983

The Court construes Plaintiff's complaint as arising under 42 U.S.C. § 1983, and asserting violations of his constitutional rights. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).

The named defendants are private parties who do not work for any state or other government body. Plaintiff therefore cannot state a claim against these defendants under § 1983.

In any event, the Court must dismiss Plaintiff's claims against Fontanez, Smith, and Parker arising from their family court testimony.[1] Trial court witnesses are absolutely immune from liability under § 1983 for damages for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also Jovanovic v. City of New York*, 486 F. App' x 149, 152 (2d Cir. 2012) (summary order) (when the "only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's] testimony," claims of fabricated evidence are precluded by witness immunity). This immunity has been extended to witnesses in Family Court proceedings. *See Buchanan v. Ford*, 638 F. Supp. 168, 171 (N.D.N.Y. 1986); *see also Marhsal v. Hanson*, No. 2:13-CV-0224, 2015 WL 1429797, at *7 (D. Vt. Mar. 27, 2015) (extending witness immunity to defendants for their testimony in Vermont state-court parental-rights termination proceedings). Plaintiff's claims against Fontanez, Parker, and Smith are therefore dismissed on immunity grounds.

**B.     Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

Plaintiff's complaint, and exhibits he seeks to submit with an amended complaint (ECF Nos. 2 and 6) lists the full name of Plaintiff's minor daughter. Rule 5.2(a)(3) of the Federal Rules

---

[1] While not dismissing on this ground, the Court notes that it is likely not appropriate for Plaintiff to litigate his custody and visitation dispute in federal court. Federal courts cannot "issue a . . . child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). Moreover, lower federal courts lack authority to review state court orders, which must be appealed within the state court system. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *Hoblock v. Albany Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005) ("[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments"). Plaintiff's remedy is to appeal any adverse decisions within the state court system.

of Civil Procedure requires that any references to a minor in court submissions must be made by referring only to the minor's initials. Because of Plaintiff's failure to comply with this rule, the Clerk of Court has limited access to ECF Nos. 2 and 6 to a "party view only" basis.

**C.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court denies Plaintiff's motion to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The motion to file an amended complaint is denied, and the Clerk of Court is directed to terminate it. (ECF No. 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 6, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge