UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL COLESON, JR.,

                      Plaintiff,

           -against-

MS. ANITA PARKER, President and CEO of Treat Me Right/St. Luke A.M.E. Church Supervised Child Visitation and Exchange Program; CRISTINA FONTANEZ; THEON SMITH; MR. ROBERT LEDER; MILLIE CHRISTINA AUNT,

                      Defendants.

20-CV-951 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff filed this action *pro se* and *in forma pauperis.* Named as defendants in the complaint are Anita Parker, who runs a church program that supervises visits between noncustodial parents and their children; Christina Fontanez, Plaintiff's ex-wife and the mother of their minor daughter, E.; Theon Smith, Fontanez's boyfriend; Robert Leder, the attorney who represented Plaintiff in family court; and Millie Christina Aunt. According to Plaintiff, Defendants deliberately interfered with his relationship with E. and covered up the fact that Smith sexually assaulted E. in 2017. (ECF 1:20-CV-951, 2.)

By order dated March 6, 2020, the Court construed the complaint as asserting constitutional claims under 42 U.S.C. § 1983, and dismissed it for failure to state a claim and on immunity grounds. As detailed in that order, Plaintiff failed to allege any facts showing that the private defendants acted under color of state law; moreover, the defendants who testified at Plaintiff's family court proceedings were protected by witness immunity. On April 23, 2020, Plaintiff filed: (1) a 189-page "exhibit"; (2) an application for leave to proceed *in forma pauperis* on appeal; and (3) one motion that incorporated a motion for summary judgment and various

motions for relief under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. Page nine of that document is a motion under "Rule 3" for an "appeal as of right." (ECF No. 9 at 9.)

The Court liberally construes these submissions as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.    Motion for Reconsideration**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's

initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was

filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

**B.     Notice of Appeal**

A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); *The New Phone Co. v. City of New York,* 498 F.3d 127, 131 (2d Cir. 2007) (holding that appellate jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[ ] of appeal"). In addition, under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal quotation marks omitted).

Plaintiff submitted a motion under "Rule 3" for an "appeal as of right." (ECF 9 at 9). Even if the Court construes the Rule 3 motion as a notice of appeal, it does not "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). In addition, even if the Court construes this motion as a notice of appeal, it is untimely. Judgment was entered on March 6, 2020, but Plaintiff did not file this submission until April 23, 2020, more than thirty days later.

The district court may extend the time to file a notice of appeal if a plaintiff files a motion within the time to file a notice of appeal or within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for the untimely filing. *See* Fed. R. App. P. 4(a)(5)(A). Plaintiff submitted the motion within sixty days from the

4

entry of judgment, but he does not request an extension of time to file a notice of appeal or assert any facts explaining why he did not file a timely notice of appeal. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended notice of appeal that designates the judgment or order being appealed, and a motion for an extension of time to file a notice of appeal that shows either excusable neglect or good cause for not timely filing a notice of appeal.

## CONCLUSION

The motion for reconsideration is denied, and the Clerk of Court is directed to terminate it. (ECF No. 9.) The motion for leave to proceed *in forma pauperis* on appeal is denied. (ECF No. 11.)

Plaintiff is directed, within thirty days from the date of this order, to file an amended notice of appeal and a motion for an extension of time to file a notice of appeal. The requisite forms are attached. If Plaintiff complies with this order, the Court will review the merits of his motion for an extension of time to file a notice of appeal. If Plaintiff fails to comply with this order within the time allowed, the action will be remain closed.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 4, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

____ Civ. _____ (___) (___)

**MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

Pursuant to Rule 4(a) (5) of the Federal Rules of Appellate Procedure, _____
                                                                                                                    (*party*)
respectfully requests leave to file the within notice of appeal out of time. _____
                                                                                                                                    (*party*)
desires to appeal the judgment in this action entered on _____, but failed to
                                                                                                  (*date*)
file a notice of appeal within the required number of days because: *(Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.)*

_____

_____

_____

_____

DATED: _____ ____, 20___

_____
*Signature*

_____
*Address*

_____
*City, State & Zip Code*

(____) ____-_____
*Telephone Number*

**NOTE:** You may use this form, together with a copy of the Notice of Appeal, if you are seeking to appeal a judgment and did not file a copy of the Notice of Appeal within the required time. If you follow this procedure, these forms must be <u>received</u> in the *Pro Se* Office no later than sixty (60) days from the date on which the judgment was entered, or ninety (90) days if the United States or an officer or agency of the United States is a party.

*Rev. 10/2010*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

_____

(List the full name(s) of the defendant(s)/respondent(s).)

\_\_\_\_\_CV_____ (     )(     )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: _____

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☐ order    entered on: _____

(date that judgment or order was entered on docket)

that: _____

(If the appeal is from an order, provide a brief description above of the decision in the order.)

Dated                                              Signature[*]

Name (Last, First, MI)

Address          City          State          Zip Code

Telephone Number          E-mail Address (if available)

_____

[*] Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13